UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

SEA LAND SERVICES, INC.
v.
INTERMARES GROUP, INC.

CASE NUMBER: 98-1907 (DRD)

RECEIVED & FILED OCT 29 1999

## ORDER

| MOTION | RULING |
|---|---|
| **Date Filed:** 10/28/99   **Docket #** 9<br>[X] Plffs   [ ] Defts<br>[ ] Other<br><br>**Title:** MOTION REQUESTING ENTRY OF JUDGEMENT BY DEFAULT | Per return of summons, defendant Intermares Group, Inc., was served on August 26, 1999. Defendant's term to answer or otherwise plead expired on September 15, 1999. To date defendant has not answered the complaint or otherwise plead. On October 28, 1999, plaintiff moved the court to grant judgement by default.<br><br>Fed. R. Civ. P. 54 provides that when a party against whom a judgement for affirmative relief is sought has failed to plead and the claim is for a sum certain or that can by computation be made certain, a judgement by default may be entered by the clerk. The court hereby orders said entry for the verified amount of $9,860.00, plus $3,451.00 for collection fees, plus legal interest from date of maturity, plus costs. Since this is a claim under maritime jurisdiction, no attorney's fees are awarded. See Noritek v. M/V Hellenic Champion, 627 F.2d 274 (5th Cir. 1980) (general rule in maritime cases is that prejudgment interests are awarded as compensation for the use of funds to which the claimant was lawfully entitled, attorney's fees are not allowable nor taxable as costs). See also American Union Transport Co. v. Aguadilla Terminal, Inc., 302 F.2d 394, 396 (1st Cir. 1962); Delta S.S. Lines, Inc. v. Avondale Shipyards, Inc., 747 F.2d 995, 1011 (5th Cir. 1984); Galveston Nav. Dist. V. Hopson Towing Co., 92 F.3d 353, 356 (5th Cir. 1996).<br><br>IT IS SO ORDERED. |

DATE: October 29, 1999

DANIEL R. DOMINGUEZ
U.S. DISTRICT JUDGE

N:\98-1907J.DFT